1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS NUNEZ,                              No.  2:16-cv-1158-EFB P

12                  Petitioner,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   J. GASTELLO, Warden,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding without counsel, is seeking a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.[1]  He asserts that he is eligible for resentencing under California

19   Penal Code section 1170.126, which amended California's Three Strikes Law in 2012.  He

20   challenges the state courts' determination that he is ineligible for resentencing on his 1999

21   conviction for possession of a deadly weapon with two prior convictions, arguing that he was not

22   "armed with a firearm during the commission of the offense within the meaning of

23   section1170.126."  ECF No. 1-1 at 3.

24          Rule 4 of the Rules Governing Section 2254 Cases, requires the court to conduct a

25   preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  The court

26   must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

27   _____

28          [1] He also seeks leave to proceed in forma pauperis.  The application for leave to proceed
     in forma paupers is granted.

1  relief . . . ." The court has conducted the review required under Rule 4 and concludes that
2  summary dismissal of the petition is required.

3      "[A] federal court is limited to deciding whether a conviction violated the Constitution,
4  laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas
5  corpus relief is unavailable for alleged errors in the interpretation or application of state
6  sentencing laws by either a state trial court or appellate court. "State courts are the ultimate
7  expositors of state law," and a federal habeas court is bound by the state's construction except
8  when it appears that its interpretation is an obvious subterfuge to evade the consideration of a
9  federal issue. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). So long as a state sentence "is not
10 based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically
11 motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of
12 state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). *See also Bueno*
13 *v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (per curiam) ("[S]entence enhancement on the basis
14 of prior convictions . . . does not violate the Constitution.").

15     Here, the issue presented in the petition is whether the state courts properly determined
16 under California law that petitioner is ineligible for resentencing under § 1170.126. This claim
17 lies outside this court's jurisdiction, as federal habeas corpus relief is unavailable to correct
18 violations of state law. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *Swarthout v.*
19 *Cooke*, 562 U.S. 216, 219 (2011). Accordingly, the petition for a writ of habeas corpus must be
20 summarily dismissed. *See Garateix v. Rackley*, No. SACV 15-0795-FMO (JEM), 2015 U.S. Dist.
21 LEXIS 70034 (C.D. Cal. May 28, 2015) (summarily dismissing petition challenging state court's
22 denial of resentencing as not cognizable in federal habeas review).

23     In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for
24 leave to proceed in forma pauperis (ECF No. 2) is granted and the Clerk is directed to randomly
25 assign a United States District Judge to this action.

26 /////
27 /////
28 /////

1    Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of

2  habeas corpus be summarily dismissed.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  Failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

11  1991).  In his objections petitioner may address whether a certificate of appealability should issue

12  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

13  2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

14  final order adverse to the applicant).

15  DATED:  June 15, 2016.

16                           EDMUND F. BRENNAN
17                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28