UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS NUNEZ, | No. 2:16-cv-1158-KJM-EFB P |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| J. GASTELLO, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his first amended petition (ECF No. 10) on June 27, 2016. On July 21, 2016 the court directed respondent to submit an answer or a motion in response to the petition. ECF No. 13. On September 16, 2016, respondent filed a motion to dismiss (ECF No. 16) in which she argues that the instant petition fails to raise any federal question. Petitioner filed an opposition to that motion on October 17, 2016 (ECF No. 19) and, accordingly, it is now ready for disposition.

**I.    Background**

In an unpublished opinion, the California Court of Appeal for the Third Appellate District provided the following factual background:

> Officer Katherine Lester was on patrol in North Sacramento in a marked police car quite early one morning in July 1998. As she entered the intersection of Beaumont and Bowles Streets, a

1

> Thunderbird failed to yield and nearly hit her. Lester moved backward to pull next to the Thunderbird and warn the driver to slow down. Defendant, who was seated behind the driver, leaned out of the window and aimed a sawed-off shotgun at the officer.
>
> As Lester ducked, she heard a shotgun blast and squealing tires. Lester looked up to see the Thunderbird speeding away. As the car passed a house on Beaumont Street, Lester saw a shotgun fly out the window of the car and land in the street.
>
> Officer Lester gave chase in the patrol car. A few blocks later, the occupants abandoned the car and fled on foot. Lester found defendant hiding in the bushes and arrested him.
>
> John Cossey was playing cards with a friend in his house near the corner of Bowles and Beaumont when he heard the shotgun blast. Cossey went outside and saw a patrol car following another car down the street. He also saw a neighbor walk across the street toward a sawed-off shotgun lying on the pavement. He estimated the length of the gun at 18 to 20 inches. When people started to gather, Cossey left to call the police. The gun had disappeared by the time he returned.
>
> A sawed-off shotgun was later recovered and introduced at trial as People's exhibit No. 55. The barrel was approximately 14 inches long, and the overall length was 26-1/4 inches. Cossey testified it was not the gun he had seen in the street that night, although he acknowledged it was similar in size. Officer Lester also testified the shotgun introduced at trial was similar in size to the one she had seen in the street.
>
> Defendant testified in his own behalf. He stated he was seated in the right rear passenger seat of the Thunderbird when it nearly collided with the police vehicle. Defendant did not know there was a gun in the car until he saw the driver toss it out the window, where it discharged on impact.
>
> A jury found defendant guilty of possessing a short-barreled shotgun, count three, and carrying a loaded firearm while an active participant in a criminal street gang, count four. The jury deadlocked on charges of attempted murder and assault with a firearm. (§§664/187, subd. (a), subd. (d)(1).) Because defendant had suffered two prior convictions of assault with a firearm, the trial court sentenced him to 25 years to life under the "three strikes" law but stayed the sentence for carrying a loaded firearm.

*People v. Nunez*, 2015 WL 3655125, at *1 (Cal.App. 3 Dist., 2015) (unpublished).[1] The foregoing conviction for possessing a short-barreled shotgun was pursuant to California Penal Code § 12020(a) and his conviction for carrying a loaded firearm while an active participant in a criminal street gang was pursuant California Penal Code § 12031(a)(2)(C). ECF No. 10 at 1.

---

[1] This opinion is also attached to the petition as "Exhibit B." ECF No. 10 at 34-40.

Both were handed down in 1999. *Id*.

In November of 2012, Proposition 36 was approved by California Voters. Termed the Three Strikes Reform Act of 2012, the proposition, *inter alia*, added California Penal Code § 1170.126 which, in relevant part, provides:

> (a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.
>
> (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.
>
> . . .
>
> (e) An inmate is eligible for resentencing if:
>
> (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
>
> (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> (f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to

> paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

Petitioner filed a petition for recall pursuant to this section and, on April 23, 2013, the trial court determined that he was ineligible for resentencing because he used and/or was armed with a firearm during commission of an offense. ECF No. 10 at 13, 30-31. Petitioner appealed the trial court's denial of his recall petition and, on June 15, 2015, the court of appeal affirmed. *Id*. at 13, 39. Petitioner then appealed to the California Supreme Court, which summarily affirmed the court of appeal's decision. *Id*. at 13, 42.

As noted above, petitioner filed this federal petition on June 27, 2016. *Id*. Therein, he raises two grounds for relief, namely: (1) that the trial court erred in determining that his conviction under California Penal Code §12020(a) disqualified him from being resentenced under California Penal Code § 1170.126; and (2) that the Sixth and Fourteenth Amendments required a jury to find, beyond a reasonable doubt, those facts which mandate his three-strike sentence. ECF No. 10 at 4.

**II. Standard of Review**

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

/////

/////

### III.    Analysis

Petitioner argues that the trial court erred in determining that he was ineligible for resentencing under section 1170.126. Specifically, he contends that "possession" under section 12020(a) was not a disqualifying offense under the Three Strikes Reform Act. The Act does provide that a defendant is excluded from resentencing if he was armed with a firearm during the commission of the relevant felony and had two prior serious and/or violent pursuant to sections 667(e)(2)(C)(iii) and 1170.12(c)(2)(C)(iii). California Penal Code § 1170.126(c). Petitioner argues, however, that "possession" is not the same as being "armed." ECF No. 10 at 17. He states that, in order to find that he was armed or that he used the firearm in the commission of the offense, the trial court erroneously looked beyond the record of conviction and made an "extra fact" determination. *Id*. at 18. He argues that this finding was impermissible because the Three Strikes Reform Act requires the prosecution to plead and prove his ineligibility for resentencing relief. *Id*. at 20. The California Court of Appeal examined this claim and denied it, reasoning:

> Defendant argues he was convicted of possession offenses—possession of a short-barreled shotgun and carrying a loaded firearm—and neither conviction required a finding or compelled the conclusion that defendant was armed or used the firearm during the commission of the offenses, nor could such a finding be premised on an arming or firearm use enhancement, as neither was pleaded or proven. Defendant also notes "nothing in the record of conviction indicates" he is not eligible for relief under section 1170.126.
>
> The trial court disagreed with defendant's argument, and so do we. As the trial court stated, "To make an 'extra fact' determination regarding a prior conviction in order to find that it constitutes a 'serious felony' for enhancement purposes, a trial court may examine the record of conviction, including a summary of evidence recited in any appellate opinion rendered in the matter (*see People v. Woodell* (1998) 17 Cal.4th 448). The same principles should apply in the Penal Code § 1170.126 resentencing context."
>
> In *People v. Guilford* (2014) 228 Cal.App.4th 651 (*Guilford* ), the defendant argued the trial court's reliance on facts " 'beyond the record of conviction' " was error and contended the trial court should not have looked at our appellate opinion to determine whether the facts showed he was ineligible under section 1170.126 because he intended to inflict great bodily injury. Instead, the defendant claimed that if the face of the judgment did not reflect a disqualifying factor, the time to consider the underlying facts would be at the next step contemplated by the statute, the hearing to determine whether the defendant was dangerous. (*Guilford*, at p. 659.)

5

> We disagreed, reasoning: "Under the three strikes law generally, a trial court may look to the whole record of a prior conviction to determine whether the facts meet the definition of a strike, including looking to a prior appellate decision. [Citations.] We see no reason why Proposition 36 would change this rule. [Citation.] [Fn. omitted.]
>
> "If the prior opinion does not sufficiently establish the facts, 'the defendant, who suffered the conviction and took the appeal, would know of and be able to challenge any material flaws or omissions in the opinion.' [Citation.] Although defendant has indicated he wants to air those facts at a hearing on future dangerousness, and claims he was denied a hearing to contest the trial court's interpretation of the facts, he makes no claim that our prior opinion misstated them. In such circumstances, we see no reason why the trial court's use of our prior opinion to determine the facts was improper." (*Guilford*, *supra*, 228 Cal.App.4th at p. 660.) We also noted that if the defendant believed the facts in our prior opinion inaccurate, he had the remedy of petitioning for rehearing to point out any deficiencies. Since the defendant did not file a petition for rehearing, we presumed the facts previously stated reliably summarized the evidence against the defendant. (*Id.* at pp. 660–661.) Accordingly, we reject defendant's contention here that the trial court's reliance on our appellate opinion in making an "extra fact" determination constitutes error.
>
> Our prior opinion in the present case supports the trial court's finding that defendant was armed during the commission of the offense within the meaning of section 1170.126. Our opinion stated: "[Officer] Lester started to move backward so she could pull up next to the Thunderbird and warn the driver to slow down. At that point, defendant, who was seated behind the driver, leaned out the car window, and aimed a sawed-off shotgun at Officer Lester. She ducked, and immediately heard a shotgun blast and squealing tires. Officer Lester looked up to see the Thunderbird speeding away.... " (*Nunez*, *supra*, C033824.) We review the factual basis of the trial court's finding under the sufficiency of the evidence standard of review. (*Guilford*, *supra*, 228 Cal.App.4th at p. 661.) That standard is met in the present case.

*Nunez*, 2015 WL 3655125, at *2–3.

It is well established that questions related to state sentencing laws are generally not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds."). Additionally, a state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). It is true that, in rare circumstances, an erroneous application of state sentencing law can violate constitutional due process. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Federal habeas relief will, in this context, only be

6

available where violation will only be found where the state law error was "so arbitrary and capricious as to constitute an independent due process or Eighth Amendment violation." *Id*.

Respondent argues that this claim presents no cognizable federal question. The court agrees. Here, in the last reasoned decision, the court of appeal determined that California law, namely the Three Strikes Reform Act, permitted the trial court to examine the "whole record" of his prior conviction in determining his eligibility for resentencing. The petition offers no convincing argument or claim that either: (1) this finding was erroneous under state law or, (2) if it was an error, that it was the type of arbitrary and capricious error which would merit federal relief. Importantly, the Antiterrorism and Effective Death Penalty Act of 1996 provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States*; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1), (d)(2) (emphasis added). And there is no United States Supreme Court decision requiring the prosecution to plead and prove facts which render a defendant ineligible for a sentence reduction. *See Read v. Valenzuela*, No. 15-cv-01346-EMC, 2016 U.S. Dist. LEXIS 79981 at * 16 (N.D. Cal. June 20, 2016) ("There is no Supreme Court precedent holding that due process is violated when the prosecutor is not required to plead and prove a fact that the court relies upon to determine that the prisoner is disqualified from a discretionary reduction of a lawfully imposed sentence.").

In arguing a violation of his Sixth and Fourteenth Amendment rights, petitioner does cite to the United States Supreme Court's decision in *Alleyne v. United States* which requires that facts which increase a mandatory minimum sentence must be proven to a jury beyond a reasonable doubt. 133 S. Ct. 2151, 2155 (2013). The court is unaware of any authority, however, which holds that *Alleyne's* holding is applicable to proceedings to modify a lawful sentence that has already been imposed. To the contrary, the United States Supreme Court's decision in *Dillon*

1  *v. United States,* 560 U.S. 817 (2010) cuts against such an argument.  *Dillon* held that

2  proceedings under 18 U.S.C. § 3582(c)(2)² "do not implicate the Sixth Amendment right to have

3  essential facts found by a jury beyond a reasonable doubt." *Id*. at 828.  In articulating its holding,

4  the *Dillon* court emphasized that, unlike other sentencing proceedings, facts found by a judge at

5  proceedings under 18 U.S.C. § 3582(c)(2) "do not serve to increase the prescribed range of

6  punishment . . ." *Id*.  The same holds true for proceedings under the Three Strikes Reform Act,

7  which is "an ameliorative provision, and can only decrease a petitioner's sentence."  *Andrade v.*

8  *Frauenheim*, No. 1:16-cv-01701 DAD MJS (HC), 2016 U.S. Dist. LEXIS 171641 at * 2 (E.D.

9  Cal. Dec. 12, 2016).  Other district courts in this circuit have rejected arguments that *Allayne* (or

10 any other progeny of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466

11 (2000)) apply to state court ineligibility determinations under the Three Strikes Reform Act.  *See*,

12 *e.g.*, *Carrillo v. Fisher*, No. CV 16-7561-E, 2017 U.S. Dist. LEXIS 14953 at *8-9 (C.D. Cal. Feb.

13 2, 2017); *Pontod v. Muniz*, No. 2:16-cv-0622 KJM GGH P, 2016 U.S. Dist. LEXIS 130809 at

14 *16-17 (E.D. Cal. Sept. 22, 2016); *Spells v. Kernan*, No. 16-cv-102-BAS (WVG), 2016 U.S. Dist.

15 LEXIS 141442 at * 9-10 (S.D. Cal. Aug. 5, 2016), *adopted*, 2016 U.S. Dist. LEXIS 145078 (S.D.

16 Cal. Oct. 19, 2016).

17    A review of this petition and the materials attached thereto indicate that it is ultimately a

18 challenge to an adverse determination of California state law.  Absent any genuine federal claim,

19 this petition should be dismissed.  *See Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("[W]e

20 have no authority to review a state's application of its own laws.").

21 /////

22

---

23    ² 18 U.S.C. § 3582(c)(2) provides:

24    [I]n the case of a defendant who has been sentenced to a term of
       imprisonment based on a sentencing range that has subsequently
25     been lowered by the Sentencing Commission pursuant to 28 U.S.C.
       994(o), upon motion of the defendant or the Director of the Bureau
26     of Prisons, or on its own motion, the court may reduce the term of
       imprisonment, after considering the factors set forth in section
27     3553(a) [18 USCS § 3553(a)] to the extent that they are applicable,
       if such a reduction is consistent with applicable policy statements
28     issued by the Sentencing Commission.

**IV.     Conclusion**

Accordingly, it is RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. The petition be dismissed for failure to state a cognizable federal question; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  February 16, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9